PHILADELPHIA NOVELTY MANUF'G Co. *v.* BLAKESLEY NOVELTY Co.

*(Circuit Court, D. Connecticut.* December 10, 1889.)

TRADE-MARKS—INFRINGEMENT.

Complainant places its hair crimpers in a bright red box, having a white label, with a black border, and on the label the words, "Madame Louie, Common-Sense Hair-Crimpers. Patented August 5, 1879," forming a column of four lines above the representation of the head and bust of a woman with curled hair, below which are the words, "Friseur Renommee. To hide the crimper, in doing up the hair, turn the ends under." Defendant's hair-crimpers are placed in a bright red box, of different shape from complainant's box, as the box is presented to the eye, on which is a white label, bearing the words, "The Langtry Elegantes," in a column of two lines above the representation of the head of a woman with curled hair, at one side of which are the words, "One Gross," and at the other side the words, "No. 1. Black," and below which are the words, "Hair-Crimpers." The use of the representation of the woman's head by defendant's predecessor antedated its use by complainant's predecessor. *Held,* that there was no infringement of complainant's trade-mark.

In Equity. Bill for infringement of patent. For motion for preliminary injunction, see 37 Fed. Rep. 366.

*Joshua Pusey,* for complainant.

*John J. Jennings,* for defendant.

SHIPMAN, J. This is a bill in equity to prevent the alleged infringement of a trade-mark, and has now been heard upon final proofs. A motion for preliminary injunction had been previously heard and denied. 37 Fed. Rep. 366. The finding of facts upon that motion was correct, except that I was mistaken in saying that "the crimpers are ordinarily sold by the box, or are shown to the purchaser in the box." They are sold to the consumer by the small package, from an uncovered red box. What is styled in the bill "the distinctive trade-mark," *i. e.,* the printed matter upon the label, and the picture of the head of a woman with hair curled, or, in other words, the label itself, is not infringed by the defendant's label, for the reasons stated in my former opinion. The complainant's label, with its words, symbols, and distinctive appearance, not having been simulated, and the defendant's box, with its label, not being adapted to deceive or mislead the purchaser, is the use of the same or similar colors of wrappers and of boxes to be enjoined as infringing the rights of the complainant? The answer must be in the negative, unless the complainant's trade-mark proper has been imitated to some extent, or unless there is a colorable resemblance between the two marks. The case of the complainant against Rouss (39 Fed. Rep. 273) was recently heard in the circuit court for the southern district of New York upon the same record which was used in this case, and nothing need be added to the statement of the law by Judge COXE in regard to the rights of a manufacturer to the exclusive use of a particular color, when no mark or symbol has been simulated. The bill should be dismissed.